1844.

SPRINGER
v.
VANDERPOOE.

SPRINGER v. VANDERPOOL and another.

Where a complainant, in a judgment creditor's suit, takes the benefit of the
bankrupt act, the same becomes defective and can only be proceeded in by
his assignee filing a supplemental bill. *It seems,* that if the assignee re-
fused to do this, the original complainant might proceed making such as-
signee a defendant.

*Feb. 5,
1844.*

*Pleading.
Parties.
Bankrupt.*

JUDGMENT CREDITOR's bill against Jacob Vanderpool (the
debtor) and Frederick S. Vanderpool, to whom he had as-
signed certain leasehold premises.

A decree was had; and thereby the assignment was de-
clared fraudulent and void and the assignee, Frederick S.
Vanderpool, was ordered to join in assigning to a receiver,
who had been duly appointed.

A motion was now made for an attachment against the
defendants, the Vanderpools, for not executing a transfer to
the receiver.

It appeared that the complainant, Benjamin H. Springer,
had applied for his discharge in bankruptcy under the act
of Congress of February 17, 1843; that the defendants had
no knowledge or information of it until after the entry of
the final decree in the cause; and that the defendants had
taken no step in the cause since they came to such know-
ledge or information.

These defendants claimed that, by the decree in bank-
ruptcy, the suit abated; and that all proceedings subsequent
thereto were null and void and, so, no attachment could
issue—referring to *Sedgwick v. Cleveland,* 7 Paige's C. R.
287.

Mr. *Woodhull,* moved for the attachment.

Mr. *Wetmore,* contra.

THE VICE-CHANCELLOR :—This case falls within the
chancellor's decision in *Sedgwick* v. *Cleveland,* 7 Paige's C.

R. 287. The suit has become defective, not abated, by the bankruptcy of the complainant. It may still be prosecuted, but not by or in the name of the complainant. The assignee in bankruptcy may go on with it—and such is the effect of the provision of § 3 of the bankrupt act; but in doing so, the assignee must conform to the practice of this court by making himself a party by filing a supplemental bill as shown by the chancellor in *Sedgwick* v. *Cleveland.*

If the assignee will not consent to do this, then, perhaps, the present complainant may be allowed to proceed, by a supplemental bill, making his assignee a party defendant and suggesting his refusal to proceed with the suit as a complainant, &c.(*a*) However that may be, the present motion, for an attachment against the defendants must be denied, with costs to be taxed.

(*a*) See, *Brebner* v. *Thompson*, 2 Molloy, 433, and *note* there.